| | |
|---|---|
| TZVI SMALL, M.D.,<br><br>                Plaintiff,<br>v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN, as administrators, TTI GLOBAL, INC., JOHN AND JANE DOE 1-10 AND ABC CORPORATIONS 1-10,<br><br>                Defendants. | Civ. No. 2:18-cv-11601 (SDW)(CLW)<br><br>**REPORT & RECOMMENDATION** |

**WALDOR, Magistrate Judge,**

This matter comes before the Court by way of referral from the Honorable Susan D. Wigenton to issue a report and recommendation regarding Plaintiff Tvzi Small, M.D.'s Motion to Remand and for Attorneys' Fees (ECF No. 5) and Defendants Blue Cross Blue Shield of Michigan ("BCBS") and TTI Global, Inc.'s Opposition (ECF No. 7). The Court declined to hear oral argument pursuant to Rule 78 and as set forth more fully below, the Court recommends the Motion to Remand be **GRANTED** and the attendant Motion for Attorneys' Fees be **DENIED**.

**I.    BACKGROUND**

Plaintiff first filed this action in Bergen County Superior Court of New Jersey on July 13, 2018, alleging state law claims of breach of contract, promissory estoppel, account stated, and fraudulent inducement against the Defendant. (*see generally* Compl., ECF No. 1-1). Plaintiff was a non-participating or out-of-network provider that rendered medically-necessary services to the patient. (Compl. ¶ 15). According to Plaintiff, prior to performing surgery on the patient, Plaintiff contacted Defendant to request prior authorization of the surgery, which Plaintiff allegedly received from Defendant BCBS in writing on November 2, 2016. (Compl. ¶ 17).

1

Plaintiff performed the surgery and billed a total of $51,400 for services provided. (Compl. ¶¶ 18, 19). Plaintiff alleges that Defendants paid only $4,413.32 toward the charges, leaving a balance due of $46,986.68, and asserts that Defendants, knowing Plaintiff was an out-of-network provider, did not disclose its intention not to pay for the services Plaintiff ultimately provided to the patient. (Compl. ¶ 21). Plaintiff pleads breach of contract, promissory estoppel, account stated, and fraudulent inducement claims and seeks relief for not less than $46,986.68, in addition to reasonable attorneys' fees, interests, costs, and expenses. (Compl. ¶¶ 28, 32, 37, 44).

On July 13, 2018, Defendants removed this action to this Court pursuant to 28 U.S.C. § 1331, 1441(a), and 1446, as well as 29 U.S.C. § 1332(a). (Notice of Removal, ECF No. 1). Defendants' basis for removal was the doctrine of pre-emption, asserting that ERISA is one of the statutes to which the complete preemption doctrine applies and that the patient's health benefit plan falls under ERISA. (*Id.*). On August 10, 2018, Plaintiff filed his Motion to Remand and for an Award of Attorneys' Fees. (ECF No. 5). Plaintiff argues that Defendants' removal was improper because Plaintiff's state law causes of action are independent of any claims the patient may have under ERISA, and that Plaintiff's claims cannot be preempted by ERISA when they do not have standing to bring a claim under ERISA. (*Id.* at 3). Defendants filed their Opposition on September 17, 2018. (ECF No. 7). On September 24, 2018, Plaintiff filed a Reply. (ECF No. 8). The Court concludes that Plaintiff does not have standing to bring a claim pursuant to ERISA § 502(a). Consequently, there is no federal jurisdiction over this action, and its removal was improper.

## II.  **LEGAL STANDARD**

The federal removal statute provides, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed…to the district courts of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441. Federal district courts have original jurisdiction over "all civil actions arising under the... laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Parrish v. ARC of Morris Cty., LLC*, 193 F. Supp. 3d 425, 430 (D.N.J. 2016).

The party asserting "jurisdiction bears the burden of showing at all stages of the litigation that subject matter jurisdiction is proper in the federal court." *DeJoseph v. Cont'l Airlines, Inc.*, 18 F. Supp. 3d 595, 597 (D.N.J. 2014). The federal removal statute should be "strictly construed against removal...[and] all doubts should be resolved in favor of remand." *Id.* There is a "presum[ption] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Id.* at 598 (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)).

### III. DISCUSSION

#### A. COMPLETE PREEMPTION UNDER ERISA § 502(A)

In general, the well-pleaded complaint rule ordinarily bars the removal of an action to federal court where federal jurisdiction is not presented on the face of the plaintiff's complaint. *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353 (3d. Cir. 1995). But, in certain limited circumstances, federal question jurisdiction exists over state law claims where the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). One such limited circumstance exists if the action "falls within the narrow class of cases to which the doctrine of 'complete pre-emption' applies." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d. 393, 400 (3d Cir. 2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)). "[C]omplete pre-emption recognizes 'that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims

is necessarily federal in character.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, Civ. No. 17-536, 2017 WL 4011203, at *4 (D.N.J. Sept. 11, 2017).

ERISA's civil enforcement mechanism, § 502(a), is one of those provisions with such "extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule, and permits removal." *N.J. Carpenters v. Tishman Constr. Corp.*, 760 F.3d 297, 303 (3d Cir. 2014) (quoting *Davila*, 542 U.S. at 209); *see also Garrick Cox MD LLC v. Cigna Healthcare*, Civ. No. 16-4611 (SDW)(LDW), 2016 WL 6877778, at *2 (D.N.J. Oct. 28, 2016), *R&R adopted*, 2016 WL 6877740 (D.N.J. Nov. 21, 2016 (remanding case to state court). As a result, state law causes of action that are within the scope of § 502 (a) are completely pre-empted and therefore removable to federal court.

A claim is completely pre-empted and removable under ERISA § 502(a) if: "(1) the plaintiff could have brought the claim under § 502(a); *and* (2) no other independent legal duty supports the plaintiff's claim." *N.J. Carpenters*, 760 F.3d at 303 (citing *Pascack Valley Hosp.*, 338 F.3d at 400). This two-part analysis, commonly referred to as the *Pascack* test, is "conjunctive, [and] a state-law cause of action is completely pre-empted only if both of its prongs are satisfied." *Id.*

The first prong of the *Pascack* test requires the Court to determine whether Plaintiff has standing to bring a claim under § 502(a). This inquiry has two subparts: (a) whether the plaintiff is the *type* of party that can bring a claim under ERISA § 502(a), and (b) whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits under ERISA. *See Progressive*, 2017 WL 4011203 at *5.

4

As to the subpart (a), § 502(a) permits claims brought by a "participant" or "beneficiary." 29 U.S.C. § 1132 (a)(1)-(4). A "participant" is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is defined as "a person designed by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Medical providers have no direct standing under these definitions to bring a claim pursuant to ERISA § 502(a). *Pascack*, 388 F.3d at 400. Nevertheless, the Third Circuit has held that "as a matter of federal common law, when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a)." *North Jersey Brain & Spine Center v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015).

However, the court need not reach the question of whether the patient actually assigned to Plaintiff her health plan benefits such that Plaintiff now has standing to enforce them, because the existence of the anti-assignment clause in the patient's plan forecloses her ability to do so. Anti-assignment clauses are generally enforceable under ERISA and may preclude derivative ERISA standing through an assignment of benefits. *See American Orthopedic & Sports Medicine v. Independence Blue Cross*, 890 F.3d 445 (3d Cir. 2018). But the Court disagrees with Defendant's assertion that the anti-assignment clause found in the patient's Summary Plan Description is exceptional and therefore has no bearing on the first prong of *Pascack* analysis. (ECF No. 1-2 at 42). Courts in this district have found that anti-assignment provisions, which are facially valid, enforceable, applicable, and unambiguous, bar patients from assigning their ERISA benefits.

*Progressive*, 2017 WL 4011203 at *9 (citing *Cohen v. Indep. Blue Cross*, 820 F. Supp. 2d 594, 603-07 (D.N.J. 2011); *Kaul v. Horizon Blue Cross Blue Shield of New Jersey*, 2016 WL 4071953 (D.N.J. Jul. 29, 2016); *Advanced Orthopedics and Sports Medicine v. Blue Cross Blue Shield of Massachusetts*, 2015 WL 4430488 (D.N.J. Jul. 20, 2015)).

The anti-assignment clause in the patient's TTI plan provides as follows:

**Non-Assignability of Rights**

No right or interest under the Plan is subject to assignment or alienation, wherever voluntary or involuntary. Any attempt to assign or alienate any interest will be void.

(ECF No. 1-2 at 42). The Court finds that the plan's anti-assignment clause is facially valid, enforceable, unambiguous, and applicable, rendering any actual or attempted assignment to Plaintiff ineffective. Therefore, Plaintiff is not the type of party that can bring a claim under § 502(a) as required by subpart (a) of the *Pascack* test. Because both subparts of the first prong of the *Pascack* test must be met, Plaintiff does not have standing to bring a claim under § 502(a).

Even if Plaintiff was the type of party that could bring a claim under § 502(a), its claims are not the type permissible under § 502(a) as required by subpart (b). A claim is subject to ERISA preemption if it is brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Here, Plaintiff merely asserts its rights to be reimbursed for medical services it rendered to the patient, which is not a dispute that is preempted by ERISA. *See Pascack Valley Hosp.*, 388 F.3d at 403-04 (holding that ERISA does not preempt disputes regarding the amount of payment made to a provider). As a result, Plaintiff fails to meet subpart (b). Because Plaintiff does not have standing to bring a claim under § 502(a) under the first prong of the *Pascack* test, the Court does not reach the second.

### B. *PLAINTIFF'S REQUEST FOR FEES AND COSTS*

Plaintiff's request for fees or costs under 28 U.S.C. § 1447(c) is denied. In exercising its discretion under § 1447(c), the Court looks to whether Defendants "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants' basis for removal was not unreasonable, given the complexities of preemption doctrines, particularly in the ERISA context. *See Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139, 147 (3d. Cir. 2007) ("It is no secret to judges and lawyers that the courts have struggled with the scope of ERISA preemption.").

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court recommends that the Motion to Remand be **GRANTED** and the corresponding Motion for Attorneys' Fees is **DENIED.** Accordingly, ECF No. 5 shall be terminated upon adoption of this Report and Recommendation.

Pursuant to Local Rule 72.1(c)(2), parties have 14 days from the date this report is filed with the Clerk of the Court to file and serve objections to this Report and Recommendation.

**SO ORDERED**

**Dated:** October 16, 2018

s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**
