NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TZVI SMALL, M.D., | No. 18-11601 (SDW)(CLW) |
| Plaintiff, | |
| v. | **ORDER** |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, AS ADMINISTRATORS, TTI GLOBAL, INC., JOHN AND JANE DOE 1-10 AND ABC CORPORATIONS 1-10, | November 8, 2018 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court is the Report and Recommendation ("R&R") entered on October 17, 2018 by Magistrate Judge Cathy L. Waldor ("Judge Waldor"), recommending that Plaintiff's Motion to Remand be granted and Motion for Attorneys' Fees be denied (Dkt. No. 5). Defendants filed objections to the R&R and Plaintiff did not respond. (Dkt. No. 12.)

This Court has reviewed the reasons set forth by Judge Waldor in the R&R, the Defendants' objections to the R&R, and other documents in this matter. This Court is satisfied that Judge Waldor applied the proper legal standard to review the propriety of Defendants' removal, which required her to first decide whether plaintiff could have brought a claim under ERISA § 502(a) by determining "(a) whether the plaintiff is the *type* of party that can bring a claim under ERISA § 502(a), and (b) whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits under ERISA." (Dkt. No. 12 at 4.) This Court is also satisfied that Judge Waldor correctly found that the anti-assignment clause in the health plan at issue deprives Plaintiff of standing to bring a claim under ERISA § 502(a), and, as a result, Plaintiff is not the type of party

that can bring a claim under the statute. This Court will, therefore, adopt that portion of Judge Waldor's R&R.[1] Because Judge Waldor held that Plaintiff did not have standing to bring suit, she need not have addressed whether his actual claim was a colorable claim for benefits under ERISA and this Court declines to adopt that portion of the R&R. (*See* Dkt. No. 11 at 6, beginning at "Even if".) This Court is further satisfied that Judge Waldor was within her authority to deny Plaintiff's request for fees pursuant to 28 U.S.C. § 1447(c).

Based on the foregoing, and for good cause shown, it is hereby

**ORDERED** that the R&R of Judge Waldor (Dkt. No. 11) is **ADOPTED in part** as the conclusions of law of this Court. This matter shall be remanded to the Bergen County Superior Court of New Jersey.

**SO ORDERED**.

                                                     ___/s/ Susan D. Wigenton_____
                                                     **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Magistrate Judge Waldor

---

[1] This Court declines to adopt the R&R's characterization of Defendants' position as asserting "that the anti-assignment clause found in the patient's Summary Plan Description is exceptional and therefore has no bearing on the first prong" of the analysis. (Dkt. No. 11 at 5.) Rather, Defendants' position is that the "anti-assignment clause is not a per se bar to" a finding that Plaintiff had standing to bring suit. (Dkt. No. 7 at 14-15.)